THOMAS B. STOUT *against* MOSES HOPPING.

ON CERTIORARI.

1. An action on the case lies against a constable for not returning a writ of attachment.

2. Parol evidence of a person's acting as constable admissible.

3. The absconding debtor's acknowledgment of the sum he owed the plaintiff is good evidence against the constable.

4. Judgment not reversed because the justice overruled testimony offered by the constable, of what became of the property attached.

5. Judgment not reversed because the verdict is entered in figures, if the judgment thereon is entered in words at length.

6. Irregularity in entering costs may be corrected, and is not sufficient ground of reversal.

The opinion of the court was delivered by Justice FORD.

*Drake,* attorney for plaintiff in *certiorari.*

FORD, J. This was an action on the case against Thomas B. Stout, a constable, for not returning a writ of attachment delivered to him against the goods, &c., of John Ayers, an absconding debtor, and the jury found a verdict of $23 for the plaintiff. The first reason assigned for a reversal of the judgment is, that illegal testimony was admitted on the first part of the plaintiff, for that the justice allowed parol evidence of Stout's being a constable. But this evidence was not illegal, because proof that he *acted* as constable is always admissible. *Cox Rep.* 286, 381. Again—the absconding debtor's *acknowledgment* of the sum he owed the plaintiff was allowed to be proved by a witness who heard the acknowledgment made ; and, surely, evidence that would be good against the debtor himself, touching the reality and amount of the debt, must be good against an officer, who, by suppressing the writ, becomes a wrong doer, and can stand in no better situation than the debtor himself. Otherwise, the plaintiff would be deprived of evidence wholly, for if he produced a bond of the debtor's making the constable might as reasonably say, it is not my bond, and cannot be evidence against me. Even a judgment against the absconding debtor would be admissible evidence of the debt due, although the officer was no party to the judgment. *Cox* 283, *Patten* v. *Halsted.*

The second reason is, that the defendant offered to prove, by a witness, what had become of the property, and was overruled. There could be no disposition of it that would *justify* a suppression of the writ, and if it was offered only in *mitigation* of damages, the particular disposition should have been opened to the justice, that he might judge whether it was legal or not, for if they were lost through the carelessness, neglect or improper conduct of the constable, he could not take advantage of his own wrong. We cannot say, the evidence was legal, and improperly rejected, without knowing what it was, and all presumptions are against an officer suppressing the process of the court in his hands.

The third reason is, that the *verdict* is entered in figures, and it is so; but then the judgment thereon is entered in words at length, which cures that irregularity in form.

The fourth reason is, because the judgment is for more costs than are by law recoverable. The justice writes it thus, " and five dollars and five dollars and eighty-one cents cost," an evident repetition of *three words*, in writing, that never was intended, as appears by the bill of costs entered in the margin of the record, and footed up correctly at $5.81. The entry of the *costs* must be corrected, according to the statute, (*Revised Laws* 557,) by striking out the repetition, and no costs be taxed in favor of the defendant.

Let the judgment be affirmed.